IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00513 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR RELEASE ON BOND |
| vs. | ) | PENDING APPEAL |
| | ) | |
| SIMON JASPER McCARTY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON BOND PENDING APPEAL

Currently before the court is Defendant Simon Jasper McCarty's ("Defendant") Motion for Release on Bond Pending Appeal ("Motion for Release"), in which he argues for release under the Bail Reform Act and that his detention pending appeal violates his due process rights.  Based on the following, the court DENIES Defendant's Motion for Release.

## I.  BACKGROUND

On August 5, 2008, Defendant, a United Kingdom national, was traveling from Hilo to Honolulu when the Transportation Security Administration ("TSA") found photographs of naked prepubescent children in his luggage.  The materials found included photographs of nude and partially clothed children, newspaper and magazine clippings describing sexual acts including sex between

minors and trial testimony of sexual encounters between a minor boy and woman, magazine clippings of children's pajama, underwear, and swimwear advertisements, and handwritten notes drafted in the first person describing a man molesting boys and a girl.  A subsequent search of Defendant's computer and storage media revealed almost 400 still images of child pornography and almost 200 child pornography video clips, of which 60 video clips appear to be self-produced and depict Defendant engaging in sexual acts with at least three different pre-pubescent boys.

As a result of this evidence, the Second Superceding Indictment ("SSI") charges Defendant with 10 counts of child pornography, including: two counts of knowingly transporting child pornography in interstate commerce on July 28, 2008 in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) (counts 1 and 2); two counts of knowingly possessing child pornography on August 5, 2008 in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2) (counts 3 and 4); and six counts of coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. §§ 2251(c)(1)(B) and 2251(e) (counts 5-10).

Defendant has been held at the Federal Detention Center since August 7, 2008.  The August 20, 2008 Order to Detain Defendant Without Bail states that

Defendant did not contest his detention and the court found "by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of the defendant as required, should the defendant be released."  Doc. No. 9, at 2.

On April 13, 2009, Defendant filed a Motion to Suppress the evidence against him.  At a June 3, 2009 hearing before Judge Helen Gillmor, the court continued the hearing until September 15, 2009 after the government disclosed that it had recently learned additional facts regarding the TSA search of Defendant's luggage.  This action was subsequently assigned to the undersigned, and the court received oral testimony from various witnesses on September 10, 2009 and October 20, 2009.  On November 17, 2009, the court granted Defendant's Motion to Suppress the evidence against him.  On December 15, 2009, the government filed a Notice of Appeal pursuant to 18 U.S.C. § 3731.

On December 17, 2009, Defendant filed his Motion for Release.  The government filed an Opposition on December 22, 2009, and Defendant filed a Reply on December 23, 2009.  A hearing was held on December 23, 2009.

///

///

///

3

## II. **ANALYSIS**

### A.     **Pretrial Detention Pursuant to 18 U.S.C. §§ 3142 and 3143(c)**

Defendant's request for release is governed by 18 U.S.C. § 3143(c),

which provides that "[t]he judicial officer shall treat a defendant in a case in which

an appeal has been taken by the United States under section 3731 of this title, in

accordance with section 3142 of this title, unless the defendant is otherwise subject

to a release or detention order."[1]

Section 1342 in turn "mandates the release of a person pending trial

unless the court 'finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any

other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th

Cir. 2008) (quoting 18 U.S.C. § 3142(e)).  There is a rebuttable presumption

against release, however, if "there is probable cause to believe that [Defendant]

committed . . . an offense involving a minor victim" in violation of various

provisions, including 18 U.S.C. §§ 2251 and 2252A(a)(1).  18 U.S.C.

---

[1]  While the government has appealed the court's suppression of the evidence against
Defendant, the court nonetheless has jurisdiction over whether Defendant should be released
pending appeal.  *See United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996)
("Although the filing of a notice of appeal usually divest[s] the district court of further
jurisdiction, the initial determination of whether a convicted defendant is to be released pending
appeal is to by made by the district court."); Fed. R. Crim. Pro. 46 (2002 Amd. Notes) (stating
that Rule 46(c) recognizes "that the district court retains jurisdiction to decide whether the
defendant should be detained, even if a notice of appeal has been filed").

§ 3142(e)(3)(E).  "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086.  That Defendant is a danger to another person or the community must be established by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), and that Defendant is a flight risk must be proved by a clear preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

If Defendant provides evidence to rebut the presumption in favor of detainment, the court must consider "available information" on the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person

5

or the community that would be posed by the person's
release. . . .

18 U.S.C. § 3142(g).

As an initial matter, the court acknowledges that the parties dispute

whether the rebuttable presumption in favor of detention applies to this case given

that the court suppressed the evidence against Defendant.  The court finds that the

presumption still exists for several reasons.  First, 18 U.S.C. § 3142(f) specifically

provides that "[t]he rules concerning admissibility of evidence in criminal trials do

not apply to the presentation and consideration of information at the hearing."

Second, the presumption exists so long as there is "probable cause" to believe that

Defendant committed the offenses listed in 18 U.S.C. § 3142(e)(3)(E).  Probable

cause, however, is determined not by evidentiary rulings but by the indictment; the

SSI against Defendant is sufficient to establish probable cause that Defendant

committed the offenses charged.  *See United States v. Dillon*, 938 F.2d 1412, 1416

(1st Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991);

*United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Suppa*,

799 F.2d 115, 117 (3rd Cir. 1986).  As such, "[t]he suppression order does not

impact the probable cause determination," *United States v. Pina-Aboite*, 97 Fed.

6

Appx. 832, 835 (10th Cir. 2004),[2] and the rebuttable presumption in favor of detainment still applies.[3]

Defendant has proffered minimal evidence to rebut the § 3142(e) presumption and instead simply points to his lack of a criminal record. During the hearing, counsel for Defendant argued that Defendant does not present a danger to the community because he is currently in the United States illegally and if released, Defendant will be transported to the United Kingdom where he will face child pornography charges. Defendant seeks his release to effectively start the proceedings against him in the United Kingdom.

This evidence and argument do not rebut the presumption against release. As both parties conceded during the hearing, what may occur in the United Kingdom is wholly speculative. The court has no assurance that Defendant will actually remain in custody when he is transported to the United Kingdom; therefore, the court has no assurance that he will not pose a danger to the

---

[2] While *United States v. Pina-Aboite*, 97 Fed. Appx. 832 (10th Cir. 2004), is an unpublished decision, United States Court of Appeals for the Tenth Circuit Rule 32.1(C) provides that such opinions may be cited for their persuasive value.

[3] The court recognizes *United States v. Jay*, 261 F. Supp. 2d 1235, 1239-40 (D. Or. 2003), came to the opposite conclusion by finding that its suppression of the evidence overcame the presumption against release pursuant to 18 U.S.C. § 3142(e). While the court disagrees with this analysis, the court finds as described below that even without a presumption in favor of detainment, the § 3142(g) factors establish on their own that there are no conditions of release that will reasonable assure Defendant's appearance at future proceedings and the safety of the community.

community or make himself available for future proceedings in this action. Accordingly, Defendant has not rebutted the presumption against release.

In finding that Defendant has not rebutted the presumption against release, the court is aware that few courts have addressed whether the rebuttable presumption still applies where the court has suppressed the evidence against Defendant.  The court also recognizes that this case presents somewhat unique facts because Defendant faces and/or will face charges in a foreign jurisdiction. Accordingly, the court continues its analysis by considering the 3142(g) factors and finds that they also support continued detention.

Both the nature and circumstances of the offenses charged and the danger to the community that would be posed by Defendant's release weigh heavily in favor of Defendant's continued detainment.  Defendant is charged with serious crimes involving child pornography, including six counts of coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. §§ 2251(c)(1)(B) and 2251(e). Defendant was caught traveling with almost 400 still images of child pornography and almost 200 child pornography video clips, of which 60 video clips appear to be self-produced and depict Defendant engaging in sexual acts with at least three

different pre-pubescent boys.[4]  Defendant has an obvious prurient sexual interest in children and has acted upon those interests on multiple occasions.  Accordingly, these factors show that Defendant's release would pose a serious danger to the community.[5]

The court further finds that the history and characteristics of Defendant weigh against Defendant's release.  While Defendant has no criminal record, he has no ties to Hawaii, is a citizen of the United Kingdom, and has traveled extensively abroad.  Given these facts, the court finds that Defendant poses a flight risk.

Finally, as to the weight of the evidence against Defendant -- the "least important" factor, *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991), -- the court finds this factor neutral or at most weighing marginally in favor of release.  The court has suppressed the evidence against Defendant and cannot speculate whether the government will prevail on its appeal.  *See United States v. Tyson*, 2008 WL 45745, at *4 (E.D. Pa. Jan. 2, 2008) (finding this factor neutral

---

[4]  The court also considers the suppressed evidence in determining whether there are conditions of release that will reasonably assure Defendant's appearance at future proceedings and the safety of the community.  *See* 18 U.S.C. § 3142(f) (providing that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing").

[5]  While Defendant apparently created the child pornography abroad in Nepal and the United Kingdom, the court may consider the threat Defendant poses to other communities in making its bail determination.  *See United States v. Hir*, 517 F.3d 1081, 1088 (9th Cir. 2008).

due to the pending appeal); *United States v. Jay*, 261 F. Supp. 2d 1235, 1241 (D. Or. 2003) (finding that this factor weighs against a finding that Defendant would pose a danger if released); *But see Pina-Aboite*, 97 Fed. Appx. at 835 (finding that the court did not err in weighing this factor against the defendant by considering suppressed evidence).

In sum, Defendant has failed to rebut the presumption against release. Further, even if the court considers the § 3142(g) factors, they also establish by clear and convincing evidence that Defendant poses a danger to the community, and by a clear preponderance of the evidence that Defendant poses a flight risk. Accordingly, no condition or combination of conditions of release exists that would reasonably assure the safety of the community and Defendant's appearance at future proceedings.

## B.    Due Process

Defendant argues that his continued detention violates his due process rights.

The government may detain an individual prior to trial so long as the confinement does not amount to "punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also United States v. Salerno*, 481 U.S. 739, 746 (1987) (stating that pretrial detention must be "regulatory, not penal"). Whether detention

constitutes impermissible punishment or permissible regulation turns on "whether an alternative purpose to which [the detention] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose." *Wolfish*, 441 U.S. at 538.  "Pretrial detention of a defendant, when of reasonable duration, serves important regulatory purposes, including the prevention of flight and the protection of the community from a potentially dangerous individual." *United States v. Milan*, 4 F.3d 1038, 1043 (2d Cir. 1993) (citing *Salerno*, 481 U.S. at 747-49).  Prolonged detention may nonetheless violate due process where the length of detention is no longer reasonable in relation to the regulatory purposes of detention.  *Id.*

"[T]he due process limit on the length of pretrial detention requires assessment on a case-by-case basis[, requiring consideration of] the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued."  *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988) (citing *United States v. Gonzales-Claudio*, 806 F.2d 334, 340 (2d Cir. 1986)).  Also relevant is the gravity of the charges and the strength of the evidence upon which detention is based.  *See United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000); *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993); *United States v. Aileman*, 165 F.R.D. 571, 577-89 (N.D. Cal. 1996)

(discussing in detail caselaw regarding due process issues for prolonged detention and the relevant factors).

Defendant has been detained for almost 17 months, and he will continue to be detained for several more months pending the appeal (the government's appeal brief is due March 16, 2010, and Defendant's responding brief is due April 15, 2010). The Ninth Circuit has not given any "view as to the point at which detention in a particular case might become excessively prolonged and violate due process," *Gelfuso*, 838 F.2d at 360, and the court cannot determine with certainty Defendant's release date. It appears that his detainment, however, will be of only moderate length, and this factor therefore weighs slightly towards a finding that Defendant's continued detention violates due process.

As to the reasons for delay, the court recognizes that this action was delayed for one month to accommodate the government counsel's work conflicts, and another three months after the government discovered evidence regarding the TSA search of Defendant's luggage on the eve of the first hearing on Defendant's motion to suppress. This factor also weighs towards a finding that Defendant's continued detention violates due process.

The remaining factors, however, weigh strongly against a finding that Defendant's continued detention violates due process. Defendant is facing serious

child pornography charges, with six of the counts -- based on his creation of videos of himself performing sex acts with minors -- carrying a mandatory minimum sentence of 15 years.  *See* 18 U.S.C. §§ 2251(c) & (e).  Further, as discussed above, the court finds that Defendant presents a danger to the community if released and poses a significant flight risk.  These factors outweigh the concern of Defendant's moderate length of time in detention and the government's four month delay.  Accordingly, the court finds that Defendant's continued detention does not violate his due process rights.

### III. <u>CONCLUSION</u>

Based on the above, the court DENIES Defendant's Motion for Release.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 24, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. McCarty*, Cr. No. 08-00513 JMS, Order Denying Defendant's Motion for Release

13